# UNITED STATES DISTRICT COURT
for the

Western District of North Carolina

| | |
|---|---|
| United States of America | ) |
| v. | ) Case No: 5:21-cr-29-KDB-DCK-1 |
| Billy Ray Dalton, Jr. | ) |
| | ) USM No: 40827-509 |
| Date of Original Judgment: 07/21/2022 | ) |
| Date of Previous Amended Judgment: | ) |
| *(Use Date of Last Amended Judgment if Any)* | *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☐ DENIED.  ☒ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of   87   months **is reduced to**   78 months on Counts 3 and 5  .

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated   07/21/2022   shall remain in effect.
**IT IS SO ORDERED**.

Signed: April 17, 2024

Kenneth D. Bell
United States District Judge

*Judge's signature*

Effective Date: _____   Kenneth D. Bell
*(if different from order date)*   *Printed name and title*

**This page contains information that should not be filed in court unless under seal.**
*(Not for Public Disclosure)*

DEFENDANT: Billy Ray Dalton, Jr.
CASE NUMBER: 5:21-cr-29-KDB-DCK-1
DISTRICT: Western District of North Carolina

## I. COURT DETERMINATION OF GUIDELINE RANGE *(Prior to Any Departures)*

Previous Total Offense Level: 25        Amended Total Offense Level: 25
Criminal History Category: III          Criminal History Category: II
Previous Guideline Range: 70 to 87 months   Amended Guideline Range: 63 to 78 months

## II. SENTENCE RELATIVE TO THE AMENDED GUIDELINE RANGE

☒ The reduced sentence is within the amended guideline range.
☐ The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing as a result of a substantial assistance departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range.
☐ The reduced sentence is above the amended guideline range.

## III. FACTORS CONSIDERED UNDER USSG § 1B1.10 AND 18 U.S.C. § 3553(a) *(See Chavez-Meza v. United States, 138 S.Ct. 1959 (2018))*

Defendant had "status points" under U.S.S.G. §4A1.1 in Amendment 821. Defendant had 3 criminal history points before the addition of 2 status points. (Doc. No. 24, ¶¶ 87-88). With the removal of 2 status points (because he had 6 criminal history points or less), criminal history points of 3 equals a criminal history category of II. With an Offense Level of 25 and a criminal history category II, the amended guideline range would be 63 to 78 months.